UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 25-1994-JLS(E) | Date | May 12, 2026 |
|---|---|---|---|

| Title | CYMEYON VICTOR HILL v. FATIMA |
|---|---|

Present: The Honorable    Charles F. Eick, United States Magistrate Judge

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| **Attorneys Present for Plaintiffs:** | **Attorneys Present for Defendants:** |
|---|---|
| None | None |

**Proceedings:**          **(IN CHAMBERS)**

On July 21, 2025, Plaintiff, allegedly a civil detainee at Patton State Hospital, filed this pro se civil rights action pursuant to 42 U.S.C. section 1983.  Plaintiff also filed a "Motion to Proceed In Forma Pauperis, etc." ("IFP Motion") pursuant to 28 U.S.C. section 1915.  On September 30, 2025, the Court granted the IFP Motion.

"Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious."  Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir.1984)).  Although Section 1915 does not explain what constitutes sufficient funds, "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'"  Id. (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981), cert. denied, 455 U.S. 958 (1982) (internal quotation marks omitted)).  Even after a plaintiff is permitted to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).  Such a dismissal "serves to 'protect against false affidavits.'" Martinez v. Baughman, 2024 WL 1300001, at *1 (9th Cir. 2024) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338 (1948)).  Before dismissing a case pursuant to Section 1915(e)(2)(A), "a showing of bad faith is required, not merely inaccuracy."  Escobedo v. Applebees, 787 F.3d at 1234 n.8.

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| Case No. | ED CV 25-1994-JLS(E) | Date | May 12, 2026 |
|---|---|---|---|

| Title | CYMEYON VICTOR HILL v. FATIMA | | |

Here, the IFP Motion included the following sworn statements by Plaintiff:  (1) "I have no independent income.  I am not employed and do not receive any salary, wages, benefits, or financial assistance from any source"; and (2) "I am unable to pay the filing fee required to initiate this civil action."  The IFP Motion did not disclose the existence of any assets.  However, it appears that, at the time Plaintiff signed the IFP Motion on July 17, 2025, Plaintiff's patient trust account had a balance of $1411.89 (see Hill v. Clark, Case No. CV 25-10022-JLS(E), ECF No. 16-2, pp. 10-15).[1]  It further appears that, contrary to Plaintiff's representations in the IFP Motion, Plaintiff regularly received cash deposits into his trust account.  See id.

In light of the foregoing, it is ordered that, within twenty-one (21) days of the date of this Order, Plaintiff shall show good cause, if there be any, why the Court should not enter an order dismissing this case without prejudice pursuant to Section 1915(e)(2)(A).  Failure timely to respond to this Order may be deemed consent to dismissal.


cc:     Judge Staton
        Plaintiff
        All Counsel of Record

                                                           Initials of Deputy Clerk  bm


---

[1]     The Court takes judicial notice of the docket and filings in Hill v. Clark, Case No. CV 25-10022-JLS(E).  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).